IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATHORINE COBB,

        Plaintiff,

v.                                             CIVIL ACTION NO.   3:16-3764

GC SERVICES, LP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Katherine Cobb's Motion to Remand, ECF No. 7, and Motion to Amend the Complaint, ECF No. 6. First, Ms. Cobb asks the Court to remand this action as improperly removed under 28 U.S.C. §1442—the statute which grants district courts removal jurisdiction over cases involving federal officers and those acting at their direction. In the event this action remains in federal court, Ms. Cobb asks for leave to amend her Complaint so that it meets the pleading standards of federal court. For the following reasons, the Court **DENIES** the Motion to Remand, and **GRANTS** her Motion to Amend the Complaint.

**I.**       **Background**

Ms. Cobb filed suit against student loan servicer, GC Services ("GC") in Mason County, West Virginia for alleged violations of the West Virginia Consumer Credit and Protection Act, and various common law torts. GC contracts with the Department of Education ("DOE") to service and collect federal student loans. GC timely removed the case to this Court under the federal officer removal statute codified at 28 U.S.C. § 1442. Ms. Cobb contests the applicability of the statute and moves for remand. Ms. Cobb also moved for leave to amend her Complaint in order to, as she

explains, to comply with the stricter pleading standards in federal court. GC has not opposed the Motion to Amend.

## II. Legal Standards

The federal officer removal statute confers federal jurisdiction over a civil action directed at "any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such officer." 28 U.S.C. § 1442(a). The Supreme Court has held that "acting under" is to be construed broadly, *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969), and the statute must be construed liberally. *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007). "Congress has decided that federal officers . . . require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Willingham*, 395 U.S. at 406–07.

The federal officer removal statute departs from the well-pleaded complaint rule generally applied to determine federal jurisdiction. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n. 12 (2006). Under the traditional rule federal question jurisdiction is only found where the federal question appears on the face of the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). A defense based on federal law does not confer federal jurisdiction, and thus does not permit removal, except in cases brought against federal officers where the defense is based on federal law. *Id.*; *Jefferson City v. Acker*, 527 U.S. 423, 431 (1999). These cases are removable to federal court under section 1442.

For a federal officer to successfully remove a case to federal court the defendant must establish: (1) it is a federal officer or a "person acting under that officer," § 1442(a)(1); (2) a "colorable federal defense;" and (3) the suit is "for an act under color of office, which requires a causal nexus between the charged conduct and asserted official authority." *Ripley v. Foster*

*Wheeler LLC*, 841 F.3d 207 (4th Cir. 2016) (quoting *Acker*, 527 U.S. at 431). The parties do not dispute that GC is a "federal officer or a person acting under that officer."

### III. Discussion

Ms. Cobb contests GC's removal on two grounds. First, she believes that GC's collection practices were not in accord with federal rules governing collection of federal student loans and as such GC could not have been acting under the direction of a federal officer. Second, she contends that GC has not asserted a colorable federal defense.

### A. Acting Under Color of Office and Causal Nexus

A defendant acts under the color of office where the federal officer has "direct and detailed control" over the activity. *Carter v. Monsanto Co.*, 635 F.Supp.2d 479, 488 (S.D. W. Va. 2009) (quoting *Pack v. AC and S, Inc.*, 838 F.Supp. 1099, 1103 (D.Md. 1993)). The defendant's acts under the federal official "must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Smith v. Collection Techs., Inc.*, No. 2:15-cv-06816, 2016 WL 1169529, at *2 (S.D. W. Va. Mar. 22, 2016) (quoting *Watson*, 551 U.S. at 152) (emphasis in original).

The United States Department of Education contracted GC to service loans made and guaranteed by the federal government. The Supreme Court has noted, although not held explicitly, that a private contractor helps the government produce an item that it needs or provides services, in the absence of which, the government would need to produce itself. *Watson*, 551 U.S. at 153–54. More pointedly, a recent decision from this District found that a loan servicer performing contractual services for the DOE helped and assisted its federal superior with tasks it would, without the aid of the contractor, be required to carry out itself. *Smith*, 2016 WL 1169529, at *3. As such, the court found, the third-party loan servicer was acting under the color of office of the DOE. This Court finds no reason to depart from the sound finding of its sister court. The Court

has no doubt that GC helped and assisted the DOE in its loan collection activities and therefore acted under the direction of the DOE.

Ms. Cobb's briefing also appears to question the causal nexus between the allegedly tortious and illegal acts committed by GC and their relationship to the duties GC owed to the DOE. The causal nexus exists where the defendant makes a "showing of a causal connection between the charged conduct and asserted official authority." *Willingham*, 395 U.S. at 409 (quoting *Maryland v. Soper*, 270 U.S. 9, 33 (1926)). "it is enough that [the defendant's] acts or . . . presence at the place in performance of [its] official duty constitute the basis, though mistaken or false, of the state prosecution." *Id.* All that a non-government corporate defendant need show is that "the acts for which it is being sued . . . occurred *because of* what it was asked to do by the Government." *Smith*, 2016 WL 1169529, at *4 (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d Cir. 2008)) (emphasis in original). The bar is "quite low" to establish the causal nexus. *Id.*

Although Ms. Cobb challenges the appropriateness of GC's actions, Ms. Cobb does not dispute that GC had a contract with the DOE to service federal student loans, nor does she question the validity of the contract. Similarly, Ms. Cobb does not challenge GC's assertion that it believed it was acting in accord with its contract with DOE when it committed the charged conduct. Ms. Cobb's primary concern is that GC's collection efforts violated state and federal law. That may be true, and it will be borne out over the course of this case, but it has no bearing at this stage. The resolution of Ms. Cobb's Motion rests on the causal relationship between the allegedly illegal acts and the duty imposed on GC by the DOE. It is undisputed that GC was contracted by DOE to service loans for it and while GC was servicing those loans, Ms. Cobb claims GC violated state and federal law. Whether GC mistakenly believed it was acting in accord with the direction of its federal superior, and as a result acted illegally, is of no consequence at this moment. What is

determinative is that GC acted because of what the DOE asked it to do and therefore there was a causal nexus between the acts charged and the direction of the DOE.

### B. Colorable Federal Defense

The substantive basis for federal officer removal is a defense based on federal law. In order to sustain a removal based on section 1442, the defendant must present a "colorable" federal defense. *Mesa v. California*, 489 U.S. 121, 128–29 (1989). The presentation of a federal defense is the federal law from which the action arises for the purposes of Article III of the United States Constitution. *Id.* The Supreme Court has acknowledged that the purpose of section 1442 is to provide a federal forum for the federal defense. *Willingham*, 395 U.S. at 407. "Proof of a colorable federal defense thus does not require the defendant to win his case before he can have it removed nor even establish that the defense is clearly sustainable." *Ripley*, 841 F.3d at 207.

GC asserts two defenses based on federal law: the government contractor defense explicated by the Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); and preemption based on the Higher Education Act ("HEA").

In *Boyle* the Supreme Court held that design defects in military equipment cannot give rise to state-law tort claims where: "(1) the United Sates approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. Only where the contractor's obligations to the government conflict with state law such that it cannot comply with both may the contractor employ the defense. *Id.* at 507–09.

Ms. Cobb contends that *Boyle* only applies to military contractors and GC is not a military contractor and thus cannot avail itself of the defense. Notwithstanding the apparent exclusivity of the application of the defense to military contractors, numerous circuits have read *Boyle*

expansively, finding the defense colorable when asserted by nonmilitary contractors. *See, e.g.*, *Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1235 (8th Cir. 2012) (Federal Employees Health Benefits Act program carriers could plausibly assert the government contractor defense); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir. 2010) (a private contractor hired by FAA to treat mold in air traffic control tower plausibly asserted government contractor defense); *Carley v. Wheeled Coach*, 991 F.2d 1117, 1123 (3d Cir. 1993) (finding the government contractor defense available to nonmilitary contractors); *Burgess v. Colorado Serum Co.*, 772 F.2d 844, 846 (11th Cir. 1985) (finding defense could be raised by producer of farm animal vaccine because the defense is rooted in sovereign immunity and should not be limited to military contractors).

While the Fourth Circuit has yet to rule on this particular point, the case law from other circuits convinces the Court that the government contractor defense has potential applicability outside the military procurement setting. GC need only show as much. *See Smith*, 2016 WL 1169529, at *5 (finding defense plausible for loan servicer contracted by DOE to service federal student loans). To be clear, the Court's decision makes no judgment about the merits of the defense, only that a plausible federal defense deserves a federal forum in which to be tested.

GC's preemption defense also provides an independent colorable federal defense upon which jurisdiction may rest. *Id.* GC asserts that to the extent West Virginia law prohibited GC's collection activities, it is preempted by the HEA. The HEA and its attendant regulations provide the parameters for federal loan servicers. "[U]nder ordinary conflict preemption, state laws that conflict with federal laws are preempted, and preemption is asserted as a federal defense to the plaintiff's suit." *Dercangelo v. Verizon Comm'ns, Inc.*, 292 F.3d 181, 186–87 (4th Cir. 2002). GC maintains that its actions were sanctioned by federal law. Thus, a potential conflict may arise

between the HEA and West Virginia law. Preemption is a colorable federal defense on which GC may premise its removal. Again, the Court makes no judgment on the ultimate merit of the defense.

As in the previous section, Ms. Cobb's arguments addressing the ultimate success, or lack thereof as she would have it, of GC's defenses are not proper at this stage. A defendant does not need to prevail on the merits of a federal defense before he or she may remove a case based on that defense—the defense need not even be "clearly sustainable" to be a proper basis for removal. Both GC's defenses are plausible federal defenses. That is all that GC must show to sustain its removal.

## IV. Conclusion

For the reasons above, the Court **DENIES** Plaintiff's Motion to Remand for Fees and for a Hearing on Remand. ECF No. 7. The Court **GRANTS** Plaintiff's Motion to Amend the Complaint Pursuant to Rule 15 of the Federal Rules of Civil Procedure. ECF No. 6. Lastly, the Court **DENIES** Defendant's request for attorney's fees contained in its Response to Plaintiff's Motion to Remand. ECF No. 8.

The Court **DIRECTS** the Plaintiff to file with the Court her Amended Complaint within ten days of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 7, 2016

*[signature]*
ROBERT C. CHAMBERS, CHIEF JUDGE