# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KATHORINE COBB,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:16-3764

GC SERVICES, LP,
U.S. DEPARTMENT OF EDUCATION,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States Department of Education's ("DoE") Motion to Dismiss for Insufficiency of Service. ECF No. 46. Plaintiff Kathorine Cobb has not served the DoE according to the Federal Rules of Civil Procedure. She is ordered to show good cause why she has failed to comply with the Federal Rules governing service.

### I.    Background

By Memorandum Opinion and Order dated December 7, 2016, after denying Cobb's request to remand the case to state court this Court permitted Cobb leave to amend her complaint. ECF No. 28. Cobb filed her amended complaint on December 16, 2016. ECF No. 31. In her amended complaint, Cobb added the DoE as a defendant and asserted a negligent supervision cause of action against the DoE. First Am. Compl. ¶ 39, ECF No. 31. On January 30, 2017, the United States Attorney for the Southern District of West Virginia received by mail a copy of the Summons and First Amended Complaint along with a letter from Plaintiff's counsel. The letter stated:

> Enclosed for informational purposes only, pursuant to 26 U.S.C. § 7434, is a copy of the Amended Complaint that was filed in the USDC Southern District of

> WV on December 16, 2016. *Note that you are not being sued in this matter, it is just for your information.*

Mot. to Dismiss, Ex. 1, ECF No. 47-1 (emphasis added). Then Cobb attempted to serve the DoE by mailing copies of the Summons and Complaint to the West Virginia Secretary of State. The Court received notice from the Secretary of State of West Virginia that it had accepted service on behalf of the DoE on February 7, 2017. ECF No. 37. The DoE has still not been properly served.

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the DoE now requests that the case be dismissed for Cobb's failure to properly serve the DoE.

## II. Legal Standard

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to move for dismissal where service of process is insufficient. It is the plaintiff's burden to demonstrate that service of process was validly effected. *Scott v. Md. State Dep't of Labor*, ____ F. App'x ____, No. 15-1617, 2016 WL 7378091, at *3 (4th Cir. Dec. 20, 2016) (citing Fed. R. Civ. P. 12(b)(5); *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)). "Should the Court determine that service of process is insufficient the Court has broad discretion to dismiss the action or to retain the case but quash service. . . ." *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009) (quoting *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005)).

Federal Rule of Civil Procedure 4(i)(2) requires that a party attempting to sue a federal agency serve the summons and complaint by registered mail on the United States Attorney for the district in which the action is brought, the Attorney General of the United States, and the agency being sued. Fed. R. Civ. P. 4(i)(2). Rule 4(m) requires that service be effected within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If service is not made within 90 days, the suit must be dismissed without prejudice. *Id.*

### III. Discussion

Clearly Cobb has had trouble following the Federal Rules in this case.[1] A plaintiff cannot serve a federal agency by serving the West Virginia Secretary of State. *See* Fed. R. Civ. P. 4(i)(2). The proper method to serve a federal agency is clearly stated in Rule 4. *Id.* Moreover, the letter sent to the United States Attorney for the Southern District of West Virginia is improper service. On its face it states that the recipient is not being sued, but in fact Cobb is suing the United States government albeit a discrete department of that government. The United States Attorney and the Attorney General are the designated legal representatives of the government that she is suing. Rule 4 requires actual *service* on the United States Attorney, the Attorney General, and the agency that is being sued—not just notice. *See* Fed. R. Civ. P. 4(i)(2). While notice is an important aspect of service, it is not the only function. *See Prewitt Enters., Inc. v. Org of Petroleum Exporting Countries*, 353 F. 3d 916, 924 n. 14 (11th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460, 463 n. 1 (1965) (dictum); *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) ("It is true that receipt of actual notice is an important factor in considering whether service of process is adequate. However . . . actual notice alone [is] not enough . . . ."). The letter enclosed with the summons and complaint has the apparent goal of simply notifying the United States Attorney, not to actually serve her.

Even more odd, Cobb cites to the Internal Revenue Code as the source of the duty to notify, but not serve, the United States Attorney. Mot. to Dismiss, Ex. 1, ECF No. 47-1. As far as this Court can tell 26 U.S.C. § 7434 has absolutely nothing to do with serving a federal agency as a

---

[1] Cobb's Response to the DoE's Motion to Dismiss was four days late and did not seek leave to Respond out of time. *See* L. R. Civ. P. 7.1(a)(7). Recently the time for responses and replies was changed from seventeen days in the case of the former and ten days in the case of latter to fourteen days and seven days respectively. *Id.* Cobb's response, however, was filed *eighteen* days after the original motion was filed. Thus, even if Cobb did not notice the change, she still did not meet the previous deadline for filing responses.

defendant in a lawsuit. *See* 26 U.S.C. § 7434. Rather, its provisions apply only to the Internal Revenue Service ("IRS") and only to notify the IRS of certain citizen suits. *Id.* It is not a substitute provision for serving the IRS as a defendant in a lawsuit.

The DoE believes these defects should result in its dismissal from this suit rather than leave to permit Cobb to attempt proper service. The DoE raises the issue of its joinder as a reason for why dismissal is the proper result. The DoE believes that it was never properly joined and the deadline for joining additional parties has passed. *See* Scheduling Order 1, ECF No. 10 ("Motions to join other parties . . . shall be filed by August 15, 2016.").

The DoE was joined to this suit when Cobb filed her First Amended Complaint on December 16, 2016. The DoE argues that Cobb did not seek leave to join the DoE. The DoE is correct. Cobb did not seek leave, but she was not strictly required to seek leave to join the DoE.

GC Services, DoE's co-defendant, removed the case from state court. On May 9, 2016, Cobb filed a motion to remand which this Court denied. Mot. to Remand, ECF No. 7; Memorandum Opinion and Order, ECF No. 28. Cobb filed contemporaneously with her motion to remand a motion to amend her complaint. Mot. to Amend, ECF No. 6. She requested that should the Court deny her motion to remand, she be permitted to amend her complaint to conform to the heightened pleading standards of federal court. *Id.* The Court granted Cobb's motion when it denied her motion to remand. Memorandum Opinion and Order, ECF No. 28. Cobb made only slight changes to the substance of the complaint. *Compare* First Am. Compl., ECF No. 31 *with* Notice of Removal Ex. C, ECF No. 1-3. Cobb, however, joined the DoE as a Defendant. First Am. Compl., ECF No. 31. Cobb did not inform the Court that she intended to add the DoE as a defendant.

A plaintiff may join another party by amending the complaint. *Moore's Federal Practice* § 20.02(2)(a)(ii) (3d ed. 2009) (citing Fed. R. Civ. P. 15(a)). Where a responsive pleading has been filed, as was the case here, a plaintiff must seek leave from the court to amend the complaint to "effect joinder." *Id.*

Cobb's Motion to Amend was the proper vehicle to join the DoE and was filed before the deadline for joinder of parties. Cobb, however, did not explain in her motion that the true purpose of the amendment was in fact to add the DoE as a defendant. Had Cobb's intent been made plain, the Court would have granted the motion just as it did. DoE meets the requirements of permissive joinder. *See* Fed. R. Civ. P. 20(a)(2). Accordingly, the DoE has been properly joined as a defendant in this case.

Cobb's omission, inadvertent or not, however, should not be repeated. It deprived GC the ability to oppose the joinder if it wished and deprived the Court of what might have been material information that could have affected the Court's decision. Had Cobb attempted to join a non-diverse party or had she attempted to join a defendant that did not meet other requirements imposed by statute or the Federal Rules, the Court would have been denied the opportunity to rule on the issue before Cobb imposed unnecessary costs on the misjoined party and herself. Cobb should be wary of making misleading representations to the Court even if those representations are a mistake. *See* Fed. R. Civ. P. 11.

The DoE may have been joined properly, although not without some misdirection in the effort. Nonetheless, this fact does not dilute Cobb's duty to comply with Rule 4(m). That is, to effect service within 90 days of filing the complaint. Rule 4(m) vests authority in the Court to raise failure to timely effect service *sua sponte*. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or *on its own* after notice to the

plaintiff—must dismiss the action . . . ." (emphasis added)). Cobb filed the amended complaint on December 16, 2016. Proper service must have been made on the DoE by March 16, 2017. The DoE claims in its Motion to Dismiss filed on March 31, 2016, that it has yet to be served in accord with Rule 4. Moreover, Cobb has yet to file a proof of service for the DoE. What's more, Cobb's Response to the Motion to Dismiss explains that Cobb is now attempting to remedy the defects in her original attempt to effect service. At this point Cobb cannot remedy the defects in her service without leave of the Court. Cobb may only secure leave of the Court by making a showing of good cause why she was unable to properly serve DoE in 90 days. *See Brown v. District of Columbia*, 514 F.3d 1279, 1286–87 (D.C. Cir. 2008). If Cobb cannot demonstrate good cause for failure to timely serve the DoE, Cobb's case against the DoE is subject to dismissal without prejudice. Fed. R. Civ. P. 4(m).

### IV.     Conclusion

Accordingly, Cobb shall show cause within seven days of this Order as to why she failed to timely serve the DoE. The DoE's Motion to Dismiss, ECF No. 46, is **STAYED** until the Court can rule on Cobb's demonstration of good cause.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     May 8, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE