IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATHORINE COBB,

Plaintiff,

v.                                                    CIVIL ACTION NO.   3:16-3764

GC SERVICES, LP,
U.S. DEPARTMENT OF EDUCATION,

Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant GC Services' Motion for Summary Judgment. ECF No. 35. Plaintiff Kathorine Cobb brought suit against GC Services ("GC") alleging violations of the West Virginia Consumer Credit and Protection Act for fees charged on her outstanding student loan account while GC was attempting to collect the loan on behalf of the Department of Education. Cobb also brought a common law negligent supervision claim against the Department of Education ("DoE") and an intentional infliction of emotional distress claim against GC. Cobb has failed to produce any evidence to support her claims. Accordingly, and for the reasons more fully articulated in the following memorandum, GC's motion is **GRANTED**.

## I.      Background

Cobb incurred the debt at issue in this case in May 1989. Def.'s Mot. for Summ. J. Ex. A, Aff. of B. Gentry ¶ 10, ECF No. 35-1. Cobb consolidated her student loans a short time later using a federal program to complete the consolidation. *Id.* The principal of the consolidated loans totaled $9,444.00. *Id.* The DoE is the creditor on Cobb's loans. *Id.* In June 2015, the DoE placed Cobb's loans with GC and tasked GC with collecting the outstand balance. *Id.* ¶¶ 7–8. By this time the

balance, including interest and other fees, totaled $36,961.06. *Id.* ¶ 8. GC then began calling and sending letters to Cobb in an effort to collect on the debt. *Id.* ¶¶ 11–38. From June 22, 2015 to December 1, 2015, GC called Cobb twenty-four times. *Id.* Twelve of those times GC left a message requesting Cobb return the call. *Id.* None of the calls were answered. *Id.* As it happens, nine of the twenty-four calls were placed to a number that did not belong to Cobb. *Id.* During the same period GC sent Cobb five letters. *Id.* ¶¶ 13, 19, 21, 23, 32. Interest and additional collection fees accumulated on Cobb's balance while GC attempted to collect on the loan. On December 29, 2015, GC received a letter from Cobb disputing the balance of her account. *Id.* ¶¶ 12, 19, 22, 23, 27, 32, 37, 38.

Cobb then filed suit in the Circuit Court of Mason County, West Virginia. Notice of Removal Ex. C, ECF No. 1-3. GC removed the case to this Court. *Id.* The Court subsequently denied Cobb's motion to remand the case back to state court, but granted her motion to amend her complaint ostensibly to conform to federal pleading standards. Memorandum Opinion and Order, ECF No. 28. Cobb's Amended Complaint was nearly identical to the original Complaint but she joined the DoE as a defendant.[1] First Am. Compl. ECF No. 31. GC now requests the Court grant summary judgment in its favor because Cobb's West Virginia Consumer Credit and Protection Act ("WVCCPA") negligence, and intentional infliction of emotional distress ("IIED") claims are preempted by the federal Higher Education Act ("HEA") and related Department of Education regulations. GC also maintains that Cobb has not presented any evidence in support of of her claims.

---

[1] DoE separately challenges its joinder to the case. DoE's challenge is addressed separately in a contemporaneous Memorandum Opinion and Order.

## II.    Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof of an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.    Discussion

Both GC and Cobb spend considerable time arguing about whether Cobb's WVCCPA and common law claims are preempted by federal law. Cobb's claims face a more serious defect, however. A complete failure of any supportive evidence. Cobb bears the burden on all elements of each of her claims as the plaintiff in this case. To prevail on summary judgment GC need only point out that Cobb cannot support with evidence one or another element in each of her claims.

Without *some* evidence supporting each element of her claims, no reasonable jury could find in her favor and therefore summary judgment in favor of GC is warranted.

Cobb's first cause of action alleges that GC violated Article 2 of the WVCCPA. First Am. Compl. ¶¶ 35–37. Section 127 of Article 2 make it illegal to engage "in fraudulent, deceptive, and misleading representations to collect on a debt by falsely representing the character or amount owed. W. Va. Code § 46A-2-127. Cobb believes that GC's loan servicing practices and fees added to her account violated the WVCCPA. Cobb's contention that there is still an open question as to what entity, GC or DoE, assessed the fees on Cobb's account is ill timed. Now is the time for Cobb to demonstrate that she *could* prevail at trial with reference to specific evidence giving rise to an inference that GC violated the WVCCPA. Discovery is closed in this case and Cobb had every opportunity to gather evidence to support her allegations, including subpoenaing evidence from DoE. Nonetheless, Cobb has presented no evidence, nor makes any reference to any evidence, to support her claims. No rational juror could find in Cobb's favor with only an "open" question as support for her claims. To find otherwise would be to replace fact with speculation as the foundation of verdicts. Accordingly, Cobb has failed to meet her burden on summary judgment.

Arguments with the aim to shift the burden to GC will also not be entertained as a way to survive a motion for summary judgment. Cobb is the plaintiff in this case and must prove each and every element of her claims to prevail. It is irrelevant that GC has not proved that it has not violated the WVCCPA. GC has no obligation to prove its innocence.

Cobb's second cause of action is a negligent supervision claim that is directed at the DoE, and therefore has no application to GC's summary judgment motion.

Cobb's third cause of action, IIED, like her first cause of action is completely unsupported and cannot withstand summary judgment.

> In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Williamson v. Harden*, 585 S.E.2d 369, 373 (W. Va. 2003) (quoting *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419 (1998)). Cobb presents no evidence to support her claim. Astonishingly, she did not even submit an affidavit describing the events that resulted in her severe emotional distress. Claiming that a West Virginia jury would find GC's actions outrageous without any supporting evidence is not enough to sustain Cobb's claims.

## IV. Conclusion

For the foregoing reasons Defendant GC Service's Motion for Summary Judgment is **GRANTED**. ECF No. 35.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     May 8, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE