# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KATHORINE COBB,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:16-3764

U.S. DEPARTMENT OF EDUCATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss First Amended Complaint for Insufficiency of Service, ECF No. 46, and Plaintiff's Motion to Amend Complaint, ECF No. 45. Also pending is Defendant's Motion for Leave to Reply to the Plaintiff's Response to Order to Show Cause. ECF No. 57. For the reasons stated herein the Motion to Dismiss is **GRANTED**, the Motion to Amend is **DENIED**, and the Motion for Leave to Reply is **DENIED** as moot.

In a Memorandum Opinion and Order dated May 8, 2017, this Court ordered Plaintiff Kathorine Cobb to show cause why she did not serve the Department of Education ("DoE") within 90 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Her response is either intentionally misleading or innocently obtuse. Whatever the motivation, it makes no difference to her nonsensical excuse.

Cobb maintains that she cannot remedy service to DoE until the Court rules on her motion to amend her complaint to add Secretary of Education Betsy DeVos. Cobb apparently believes that joining Secretary DeVos will remedy her service issues and ensure that she complies with Rule 4(i)(2). Cobb's response completely misses the mark. The Court is, at this moment and for the

purposes of this Order and its previous Order, unconcerned with Cobb's attempt to join Secretary DeVos. The Court ordered Cobb to show cause why she did not serve *DoE* within 90 days. Cobb does not need to join Secretary DeVos to effect proper service on DoE. Cobb joined the DoE some time ago and could have requested additional summonses at any time after she joined DoE to the case. Cobb's attempt to join and serve Secretary DeVos in her official capacity is duplicative and unnecessary where it has already joined DoE.

It would appear that the only reason for Cobb's untimely attempts at service on DoE is a fundamental misinterpretation of the Federal Rules of Civil Procedure, generally and Rule 4, specifically. Ignorance of the requirements of Rule 4 is not good cause. *Townsel v. Cty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987).

Moreover, Cobb's Motion to Amend her Complaint to join Secretary DeVos, as already explained, is duplicative and unnecessary. There is nothing in her motion to explain why she needs to join Secretary DeVos after she already joined DoE. Permitting joinder of Secretary DeVos would exchange defendants in name only. Yet, Cobb had ample opportunity to properly serve DoE but failed to do so.

Accordingly, Cobb's Motion to Amend her Complaint is **DENIED**. ECF No. 45. DoE's Motion for Leave to Reply to Plaintiff's Response is **DENIED** as moot. ECF No. 57. Finally, DoE's Motion to Dismiss is **GRANTED** and the case is **DISMISSED** without prejudice. ECF No. 46.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 24, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE